UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY SERVIS, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | ) **JURY TRIAL** |
| | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) |

## COMPLAINT

TIMOTHY SERVIS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant").

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing Jeannette, Pennsylvania 15644.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company its office located at 20816 44th Avenue West, Lynnwood, Washington 98036.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt.

12. The alleged debt arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning November 2014, and continuing through December 2014, Defendant contacted Plaintiff on his cellular telephone in its attempts to collect a debt.

14. Defendant contacted Plaintiff almost every day, and at times, more than once a day.

15. For example, Defendant called Plaintiff on November 6, 2014; November 8, 2014; November 9, 2014; November 10, 2014; and November 11, 2014.

16. In addition to calling Plaintiff on his cellular telephone, Defendant also called Plaintiff at his place of employment.

17. Plaintiff is not permitted to receive personal calls at his place of employment.

18. On one occasion, Defendant called and Plaintiff's boss asked who was calling, and then Defendant hung up.

19. Thereafter, Defendant again called Plaintiff's place of employment,

identified itself, and asked to speak with Plaintiff.

20. Plaintiff's boss told Defendant that Plaintiff does not work at the number it was calling.

21. Later that same day, Defendant made a third call to Plaintiff's place of employment.

22. Plaintiff knew it was Defendant calling, as its telephone number appeared on his employer's caller id.

23. Defendant's calls to Plaintiff's place of employment were so disruptive that his Area Manager told him that he needed to take care of the matter or there would be consequences, as he was not permitted to receive personal calls at work.

24. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of his rights to dispute the debt and/or to request validation of the debt, as well as to provide him with the name of the creditor and the amount of the debt.

25. Defendant actions as described herein were made with the intent to harass, abuse, deceive and upset Plaintiff.

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

26. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

## COUNT I

    a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

    b. A debt collector violates §1692c(a)(3) of the FDCPA by communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

    c. Here, Defendant violated §§ 1692c(a)(1) and 1692c(a)(3) of the

FDCPA when it called Plaintiff multiple times at his place of employment when it knew or should have known it was inconvenient for him to receive calls at his place of employment and that his employer did not permit him to receive personal calls at his place of employment.

## COUNT II

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff almost every day, calling as frequently as more than once a day.

## COUNT III

a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including calling Plaintiff at his place of employment and hanging up when asked who was calling and calling him at his place of employment, three times back-to-back.

### COUNT IV

a. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the

     thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

  b. Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising them of his rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, TIMOTHY SERVIS, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TIMOTHY SERVIS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATE: 07/09/15                         KIMMEL & SILVERMAN, P.C.


By: */s/ Craig Thor Kimmel*
  CRAIG THOR KIMMEL
  Attorney ID # 57100
  Kimmel & Silverman, P.C
  30 East Butler Pike
  Ambler, PA 19002
  Phone: (215) 540-8888 ext. 148
  Facsimile (877) 788-2864
  Email: kimmel@creditlaw.com